GERARDO DESPIÁU BALSEIRO, Plaintiff and Appellant, *v.* MARCELINO M. PÉREZ Y PÉREZ and JESÚS M. PÉREZ Y PÉREZ, Defendants and Appellees.

No. 10984. Argued December ·3, 1953.—Decided February 25, 1954.

*Eduardo Urrutia Martorell* for appellant. *Rodríguez Otero & Ramírez* for appellee Marcelino Pérez. *Mariano Acosta Velarde* and *Daniel Pellón Lafuente* for appellee Jesús Pérez.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Plaintiff appealed from the summary judgment rendered against him. At the hearing in this Court, a motion filed

by the defendants to dismiss the appeal was also argued. Since if we grant the motion it would then be unnecessary to consider the appeal we shall first discuss the dismissal sought. It is based in the following allegations (1) that this Court lacks jurisdiction to entertain the appeal because the service of the notice of appeal was sent by mail and not personally, although counsel for the plaintiff as well as for the defendant have their office and residence in the same place, within the city of San Juan; (2) that the service of notice was not accompanied by an affidavit; (3) that in the service it was not alleged that the copy of the notice of appeal was sent under sealed envelope, that the corresponding postage was paid, or that there is regular and daily, postal communication between the place where the counsel for the appellant has his office or residence and the place where the counsel for the appellee have their residence or office; and (4) that the record does not contain the evidence adduced by both parties.

The dismissal sought does not lie. Although § 320 of the Code of Civil Procedure provides in part that: "The service of notice . . . may be personal" and § 321 provides that "Service by mail may be made, where the person making the service . . . and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail," we have still repeatedly held that if on being sent by mail the copy of the notice of appeal is received by the person for whom it is intended within the statutory term which the aggrieved party has to appeal, such receipt is equivalent to personal service, and considering such notice as personal, any defect in the manner in which it is addressed by mail is cured by the actual receipt by the attorney for the other party of a copy of the notice as addressed to him. *Collazo* v. *Puig & Abraham*, 70 P.R.R. 780; *Alonso* v. *Muñoz*, 74 P.R.R. 817. In the instant case the judgment was rendered on February 17, 1953; it was served on February 26, and on March 6 plaintiff filed

a lengthy motion for reconsideration; [1] the Superior Court entertained the motion and set a day for its hearing. It was heard and dismissed on April 13, 1953. Four days later, plaintiff appealed. A certificate appears at the foot of his notice of appeal which copied verbatim reads: "I hereby state that today I sent by mail a copy of this motion addressed to Daniel Pellón Lafuente, 153 Salvador Brau Street, 3d Floor, P.O. Box 326, San Juan, Puerto Rico; and to E. Rodríguez Otero, Banco Popular Building, Office No. 506, Stop 22, Santurce, Puerto Rico, both counsel for the defendants Jesús Pérez y Pérez and Marcelino M. Pérez y Pérez respectively. San Juan, Puerto Rico, today April 17, 1953. (Signed) Eduardo Urrutia Martorell, Counsel for plaintiff." If the envelopes containing each a copy of the notice of appeal were mailed on April 17, the rebuttable presumption is that they were timely received, [2] that is one or two days later. This presumption has not been rebutted by the appellees; wherefore it may be presumed that notice of appeal was received by each one of them before the expiration of the statutory term of 30 days which plaintiff had to appeal. [3] The timely receipt of service cured any defect that might have been committed therein. On the other hand, contrary to what the appellees allege, a transcript of the documentary evidence

---

[1] Pursuant to § 292 of the Code of Civil Procedure as amended by Act No. 67 of May 8, 1937 (Sess. Laws, p. 191) "Any party aggrieved by a judgment . . . of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment . . . file . . .an ex-parte petition for the review or reconsideration of its judgment or resolution . . . If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered."

[2] Section 101 of the Law of Evidence (§ 464 of the Code of Civil Procedure, 1933 ed.) enumerates as a rebuttable presumption "(24) That a letter duly directed and mailed was received in the regular course of the mail."

[3] See § § 292 and 295 of the Code of Civil Procedure.

adduced by the parties in connection with the motion for summary judgment is contained in the record. *Cf. Colón* v. *Imperial Guarantee, etc., Co.,* 73 P.R.R. 822. The motion to dismiss, therefore, must be denied. We shall pass now to discuss the merits of the case.

In the third amended complaint it is alleged in brief as the first cause of action, that about the year 1930 Gerardo Despiáu Balseiro was the owner of an urban property located in Santurce, that on November of that same year he mortgaged the same to defendant Marcelino M. Pérez Pérez for the amount of $5,000, that about the months of February to May, 1932, the Treasurer of Puerto Rico attached the property for collection of taxes without personally notifying him of the attachment, that although a so-called Matilde Canales was notified of the attachment "as an employee," he does not know that person nor is he connected with her in any manner whatever, that he was not notified of the auction sale either, and that when the property was sold at a tax sale defendant Marcelino M. Pérez appeared as sole bidder and was adjudicated the property for the ridiculous sum of $769.97, the value of the property being no less than $18,000. As second cause of action, it is alleged that without plaintiff knowing that his property had been auctioned off by his mortgagee, and in the belief that the latter had paid such taxes merely for self-protection, the plaintiff and the creditor executed a contract of antichresis by virtue of which the defendant Marcelino M. Pérez assumed the temporary civil possession of the property in order to collect from the accruing rentals whatever interest might become due as well as the amount of the tax already paid or which might be levied on the property and whatever remained to be credited to the principal. And in the third cause of action it was alleged that the plaintiff had suffered damages for the amount of $26,000.

The defendants Marcelino M. Pérez and Jesús Pérez filed motions to dismiss the former complaint for lack of facts, the

latter filing in addition a motion to strike and another for a summary judgment. These motions were accompanied by photostatic copies of the distraint proceeding filed by the Treasurer of Puerto Rico in connection with the property in question, and by sworn statements of the defendant Marcelino M. Pérez and of Daniel Pellón Lafuente, counsel for the defendant Jesús Pérez Pérez. Against the motions so filed, plaintiff Gerardo Despiáu Balseiro filed two written objections, two lengthy affidavits signed by plaintiff himself and certified copies of more or less the same papers attached by the defendants to their motions. The Superior Court, as we indicated in the first paragraph of this opinion, rendered summary judgment against plaintiff. After making a resumé of the essential averments of the complaint, after considering the motion to dismiss filed by defendant Marcelino M. Pérez as one for summary judgment, and after referring to the documents attached by the parties, the court finally states that "from the averments of the complaint and from the motion for summary judgment, the affidavits attached thereto and the documentary evidence introduced in the form of certificates as part of the affidavits of the motions for summary judgments filed by the co-defendants in the instant case, the court is of the opinion that there is no genuine and real controversy on any material fact between the parties, and that the defendants are entitled as a matter of law, to a judgment in their favor dismissing the complaint." We disagree with this opinion.

 Pursuant to Rule 56(c) of the Rules of Civil Procedure, "The (summary) judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Notwithstanding the context of that Rule it is well-settled in law that in deciding a motion for a summary judgment the courts shall always act cau-

tiously and . . . a motion shall not be upheld when there is a bona fide controversy of facts between the parties, and that in order to decide this there should be taken into consideration not only what is set forth in the complaint but also what is stated in the affidavits and other papers filed by the parties in support of their respective claims. *Hettinger & Co.* v. *District Court*, 69 P.R.R. 128, 132. An examination of the affidavits filed by the parties and of the papers which they attached to their respective motions or objections, leads us to conclude that considering the evidence from both sides there is a bona fide controversy of facts between the parties, that is, a genuine issue as to material facts. For example, plaintiff alleges in his complaint and attests in his affidavits that he was never personally notified of the distraint proceeding,[4] that although a so-called Matilde Canales was notified of the attachment, as an employee, that person was never his clerk or employee and that he had never met her, and that since defendant Marcelino M. Pérez told him that he had paid the taxes merely to protect himself as a creditor and to protect plaintiff, in order to secure the entire debt, the plaintiff and the defendant executed a contract of antichresis. None of these material facts were controverted by the documents or affidavits filed by the defendants. Even if they had been, there would always be a genuine issue on material facts, which cannot be decided summarily by the Court, but by a plenary judgment. *Ramos* v. *People*, 67 P.R.R. 600; *Hernández* v. *Caraballo*, 72 P.R.R. 628; *Sánchez* v. *De Choudéns*, *ante*, p. 1; 6 Moore's Federal Practice, second edition,

---

[4] Section 336 of the Political Code insofar as pertinent provides:

"The said attachment shall be enforcible as soon as notice thereof shall have been served by leaving a copy thereof *with the debtor himself* or any member of his family or attendants of legal age, . . ." (Italics ours.)

(The amendment introduced to the former section by Act No. 178 of 1942 (p. 906) plays no role herein inasmuch as the distraint proceeding in this case took place years before said amendment was enforced.)

And § 342 of the same Code provides, among other things that "the collector, or agent *shall serve notice upon the owner of said property*, in the manner prescribed in section 336 of this Title, . . ." (Italics ours.)

§ § 56.02, 56.15, pp. 2012, 2101, respectively. Therefore, the motions for summary judgments should not have been sustained.

The judgment appealed from will be reversed and another rendered, remanding the case to the Superior Court of Puerto Rico, San Juan Part, for further proceedings not inconsistent with this opinion.

Mr. Justice Negrón Fernández and Mr. Justice Pérez Pimentel did not participate herein.